IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SEAN ERIC BARBEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 5:08-cv-02381-SLB-JEO |
| ) | |
| GREG BARTLETT, SHERIFF, and THE ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought by a person in the custody of the Sheriff of Morgan County, Alabama. *See* 28 U.S.C. § 2254. The petitioner, Sean Eric Barbee, filed the current habeas corpus petition on December 11, 2008. (Doc. 1). Upon consideration, the court finds that it is due to be dismissed without prejudice.

## **PROCEDURAL HISTORY**

The State filed a petition in the Circuit Court of Morgan County to hold the petitioner in contempt for his failure to pay child support payments ordered pursuant to a settlement agreement in his divorce case on April 8, 2008. (Doc. 5, Ex. C at 5-6). After the petitioner failed to appear at his hearing on the matter, the court entered a default judgment, holding the petitioner in contempt and ordering him to pay the same. The petitioner was subsequently arrested for failing to pay. *Id*. at 17-19, 21.

As noted above, the present petition was filed on December 11, 2008. (Doc. 1). The petitioner asserts that he has not been given a hearing date on his challenge to the contempt

determination. (Doc. 1). He was in the custody of the Morgan County Sheriff at the time of the filing of his Federal habeas corpus petition.

The respondents were ordered to appear and show cause why the requested relief should not be granted. (Doc. 3). They filed separate responses, asserting that the petition is due to be denied because the petitioner has failed to exhaust his available state remedies and because he is being lawfully held. (Doc. 4 & 5). Despite being offered an opportunity to respond, the petitioner has not filed a traverse. (Doc. 6).

## DISCUSSION

The threshold issue to be resolved in federal habeas cases is whether the petitioner has exhausted all available state remedies. An application for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982). The exhaustion requirement is designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights." *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979). As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction." *Fay v. Noia*, 372 U.S. 391, 438, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963). Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the questions presented." *Rose v. Lundy*, 455 U.S. 509, 518 n.9, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the courts for consideration.  *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Heath v. Jones*, 863 F.2d 815, 818 (11th Cir. 1989).  Furthermore, the claim must be presented to state courts in such a way as to enable the state to entertain the claim on its merits.

Turning to the petitioner's claims, the court notes that the State trial judge on January 16, 2009, set a hearing date in the petitioner's case for February 18, 2009.  (Doc. 5, Ex. C at 25). Accordingly, his request for a trial date is moot.[1]

To the extent the petition can be interpreted as requesting any additional relief, it is due to be dismissed without prejudice because the petitioner has not exhausted his state remedies. Under ALABAMA RULE OF CRIMINAL PROCEDURE 70A(g)(1), the petitioner can challenge the order of contempt in the Alabama Court of Civil Appeals or pursuant to a writ of habeas corpus filed in the Circuit Court of Morgan County.  *See Ex parte Wall*, 983 So. 2d 380, 381-82 (Ala. 2007) (holding that the trial court's order of contempt is reviewable by appeal or by a petition for a writ of habeas corpus, if the circumstances satisfy the requirements for a writ of habeas corpus); *Parcus v. Parcus*, 615 So. 2d 75, 77 (Ala. Civ. App. 1992) (noting that "Pursuant to

---

[1]The court notes that the petitioner has not submitted anything subsequent to the hearing date set by the State court.

Rule 33, ALABAMA RULES OF CRIMINAL PROCEDURE, the proper method of review for an adjudication of contempt is by writ of habeas corpus if the contemnor is incarcerated, or by appeal if he is not incarcerated").

## CONCLUSION

In accordance with the foregoing, the petition for a writ of habeas corpus is due to be dismissed without prejudice. An appropriate order will be entered.

**DONE**, this 5th day of February, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE